599 So.2d 717 (1992)
Joseph CALABRO, Appellant,
v.
OUTBOARD MARINE CORPORATION, Appellee.
No. 91-2221.
District Court of Appeal of Florida, Third District.
May 26, 1992.
Floyd, Pearson, Richman, Greer, Weil, Brumbaugh & Russomanno and Robert J. Borrello, Miami, for appellant.
Rumberger, Kirk, Caldwell & Wechsler and Scott M. Sarason and Christine M. Peirano, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
BASKIN, Judge.
Joseph Calabro appeals a summary final judgment in his strict product liability and negligence actions filed against Outboard Marine Corporation [OMC]. We reverse.
While participating in an amateur miniboat race, appellant was thrown from his mini-boat; he was struck and injured by the OMC engine propeller of another boat. Appellant sought to recover damages from OMC for its failure to install propeller guards on the engine. Relying on the doctrine of assumption of risk, OMC filed a motion for summary judgment. The trial court granted the motion.
The trial court erred in finding that the defense of assumption of risk barred appellant's claim. General maritime law dictates the resolution of this issue. See Lipworth v. Kawasaki Motors Corp., 592 So.2d 1151 (Fla. 4th DCA 1992); Rubin v. Brutus Corp., 487 So.2d 360 (Fla. 1st DCA), review denied, 500 So.2d 543 (Fla. 1986). Assumption of risk does not bar appellant's claim because maritime law allocates damages in accordance with the parties' comparative negligence. See United States v. Reliable Transfer Co., 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975); De Sole v. United States, 947 F.2d 1169 (4th Cir.1991). We *718 therefore reverse the summary final judgment and remand for further proceedings.
Reversed and remanded.